IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GuideOne National Insurance Company, | ) |
| | ) C/A No. 2:17-1351-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Western World Insurance Group, Inc. and | ) **ORDER AND OPINION** |
| Church Mutual Insurance Company, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Refuge at FPHC ("The Refuge") owned a building located at 1410 4th Avenue in Conway, South Carolina ("the Property"). On March 13, 2014, The Refuge, as mortgagee, entered into a note and mortgage with Abundant Faith Lighthouse of Jesus Christ, Inc. ("Abundant Faith"), as mortgagor, to sell the Property for $328,400.00. Under the terms of the mortgage, Abundant Faith was required to maintain insurance on the Property. Abundant Faith's insurance coverage lapsed. As a result, The Refuge obtained a policy of insurance from Defendant Western World Insurance Group ("Western World") in the amount of $500,000.00 to protect its mortgage interest in the Property. The Refuge notified Abundant Faith that it was in default under the mortgage.

In order to cure the default, Abundant Faith contacted Plaintiff GuideOne National Insurance Company ("GuideOne") and Defendant Church Mutual Insurance Company ("Church Mutual") to secure coverage. Abundant Faith obtained a policy in the amount of $1,500,000.00 from GuideOne and paid a premium. The GuideOne policy listed Abundant Faith as insured and The Refuge as mortgagee.

Abundant Faith also obtained a policy from Church Mutual in the amount of $795,000.00. The Church Mutual policy listed Abundant Faith as insured, but did not list The Refuge as

mortgagee.[1]  Abundant Faith informed Church Mutual that it wished to cancel the Church Mutual policy, but was informed it was too late to cancel because underwriting already had commenced. Abundant Faith never paid a premium to Church Mutual or took further steps to terminate the policy.

A fire occurred on the Property on July 24, 2016.  The Refuge made a demand under the mortgagee clause of the GuideOne policy, to no avail.  Church Mutual contacted Abundant Faith in order to discuss the fire loss and later by letter to obtain information regarding the GuideOne policy in the event GuideOne provided overlapping coverage for the damage.  The Refuge learned of the Church Mutual policy after the fire and The Refuge contacted Church Mutual to have the policy revised to include The Refuge as mortgagee.  Church Mutual took no action.  Western World paid $282,968.36, the amount due and owing on the note and mortgage, to The Refuge and received an assignment of the mortgage interest from The Refuge.

On May 25, 2017, GuideOne filed a complaint for declaratory judgment against Western World and Church Mutual, contending that the "Other Insurance" clause in its policy rendered its coverage excess and that Western World and Church Mutual should each pay a pro rata share of any covered loss or damage. On July 7, 2017, Western World filed an answer, cross-claim, and counterclaim.  Western World sought a declaration that the Church Mutual policy was a valid insurance contract at the time of the fire loss and that Church Mutual should be estopped to deny that The Refuge was added to its policy as a mortgagee nunc pro tunc.  Western World further sought a declaration that GuideOne's policy is not an excess policy because the Western World policy covered a different interest from Western World's policy.  In its filings, Church Mutual contended

---

[1] It is unclear whether Church Mutual was aware of The Refuge's rights as mortgagee prior to issuing the policy.  See ECF No. 26-3, 13.

that its policy was rescinded and void from its inception because Abundant Faith did not intend to obtain a Church Mutual policy and did not pay any premiums. In the alternative, Church Mutual asserted that its policy did not cover The Refuge's interests because The Refuge was not listed as a mortgagee under the Church Mutual policy.

The court issued an order on January 30, 2019, in which it determined that:

1. The Western World policy obtained by The Refuge insured interests separate from the interests protected by the GuideOne and Church Mutual policies taken out by Abundant Faith. Therefore, Western World could not be required to make a pro rata contribution to the cost of the fire loss in conjunction with GuideOne and Church Mutual.

2. The Church Mutual policy was enforceable because Church Mutual issued a policy naming Abundant Faith as insured and considered the policy to be in place at the time of the fire.

3. The Western World policy was excess to the GuideOne and Church Mutual policies. As a result, payment of the fire loss on the Property should be apportioned between GuideOne and Church Mutual in the manner and amounts set forth in their respective policies had Abundant Faith been entitled to direct payment. The court noted that GuideOne's mortgagee clause made its policy proceeds payable directly to Western World, as assignee of The Refuge.

4. Western World was entitled to an equitable lien on proceeds due to Abundant Faith under the Church Mutual policy.

This matter now is before the court on Western World's motion for summary judgment with respect to attorney's fees and prejudgment interest, which motion was filed on May 21, 2019. Western World states that, at the time of the loss, Abundant Faith owed $282,988.35 to The Refuge pursuant to the mortgage. Western World seeks $183,942.43 from GuideOne to cover the policy

benefits owed to The Refuge under GuideOne's mortgage, plus prejudgment interest in the amount of $45,290.70, for a total of $229,233.19. Western World seeks $99,045.93 from Church Mutual to cover the policy benefits owed to The Refuge under Church Mutual's policy, plus prejudgment interest in the amount of $24,380.98, for a total of $123,426.91.[2] Western World further contends that it is entitled to attorney's fees in the amount of $191,248.00 and costs in the amount of $1,739.05. Western World seeks to collect from GuideOne a pro rata share of $124,311.20 in attorney's fees and $1,130.38 in costs. Western World seeks to collect from Church Mutual a pro rata share of $64,792.00 in attorney's fees and $608.67 in costs.

Church Mutual filed a response in opposition on June 28, 2019. On July 26, 2019, Church Mutual filed a motion for summary judgment, contending that Western World has transferred The Refuge's mortgage interest to GuideOne and therefore is not entitled to insurance proceeds from Church Mutual. In the alternative, Church Mutual moved for partial summary judgment as to Western World's claims for attorney's fees and prejudgment interest. Western World filed a response in opposition on August 1, 2019, to which Church Mutual filed a reply on August 16, 2019. GuideOne has not responded in opposition to Western World's motion for attorney's fees and prejudgment interest.

## DISCUSSION

A.    <u>Western World's Entitlement to Proceeds</u>

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here,

---

[2] Western World applies a pro rata share of 65 percent to GuideOne and 35 percent to Church Mutual.

Western World denies that a settlement of its claims with GuideOne has been consummated, and Church Mutual has not demonstrated the existence of any agreement between Western World and GuideOne regarding the distribution of the Church Mutual insurance proceeds. The court is loath to find that Western World would seek damages to which it is not entitled. Church Mutual's motion for summary judgment is denied as to this issue.

B.  Attorney's Fees

In South Carolina, the authority to award attorney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees. Raynor v. Byers, 810 S.E.2d 430, 432 (S.C. Ct. App. 2017) (quoting Harris-Jenkins v. Nissan Car Mart, Inc., 557 S.E.2d 708, 710 (S.C. Ct. App. 2001)). Western World contends, however, that it is entitled to attorney's fees under Hegler v. Gulf Ins. Co., 243 S.E.2d 443 (S.C. 1978). In the court's view, Hegler is inapposite.

In Hegler, the insured was involved in an automobile accident that resulted in injuries to a passenger. The passenger sued the insured. The insurer undertook the defense of the action under a reservation of rights, and simultaneously filed a declaratory judgment action to determine liability under the policy. The insurer advised its insured to obtain his own attorney to represent him in the declaratory judgment action. The insured prevailed on the declaratory judgment action and sought reimbursement for attorney's fees from the insurer. The South Carolina Supreme Court observed that the insurer would have been in breach of contract had it refused initially to defend, and would have been liable for attorney's fees under that scenario. The supreme court found "no material difference in the legal effect between an outright refusal to defend and in undertaking the defense under a reservation of rights until a declaratory judgment is prosecuted to resolve the question of

coverage." Hegler, 243 S.E.2d at 444. The supreme court noted that some courts placed qualifications on the right to recover attorney's fees for these type cases. The supreme court then cited to 7A Appleman, Insurance Law and Practice, § 4691, p. 512, as follows:

> But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above. Other courts have refused to impose such a burden upon the insured.

Hegler, 243 S.E.2d at 444-45.

Church Mutual did not bring an action against its insured, Abundant Faith, to resolve the issue of coverage. At most, Church Mutual refused to defend its insured, Abundant Life, pursuant to its position that no valid policy existed as between them. Further, the court declines to find that the same considerations of unfairness that concerned the Hegler court should be extended to a mortgagee under a policy of insurance. In that situation, the mortgagee has bargained with the insured, not the insurer, to provide coverage, and may enforce its contractual remedies under the mortgage should the insured default in its obligation to maintain insurance.

Further, The Refuge was not a named mortgagee under the Church Mutual policy. The right to proceeds under the Church Mutual policy has been imposed by the court not on the basis of any contractual right, but in equity under the unique facts of these case. "An equitable lien or charge is neither an estate [n]or property in the thing itself, nor a right to recover the thing, but is simply a right of a special nature over the thing, which constitutes a charge upon the thing so that the very

6

thing itself may be proceeded against in equity for payment of a claim." Carolina Attractions, Inc. v. Courtney, 337 S.E.2d 244, 247 (S.C. Ct. App. 1985).

Allowing Western World, as assignee, to recover attorney's fees against Church Mutual would amount to reformation of the Church Mutual policy. "A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it." Crosby v. Protective Life Ins. Co., 359 S.E.2d 298, 301 (S.C. Ct. App. 1987 )(citing Commercial Union Assurance Co. v. Castile, 320 S.E.2d 488, 490 (S.C. Ct. App. 1984)). A mistake is mutual where both parties intended a certain thing and by mistake in the drafting did not obtain what was intended. Id. (citing Sims v. Tyler, 281 S.E.2d 229, 230 (S.C. 1981)). Before equity will reform a contract, the existence of a mutual mistake must be shown by clear and convincing evidence. Id. (citing Sims, 281 S.E.2d at 230).

In this case, the record is ambiguous as to whether Church Mutual had knowledge of The Refuge's interest in the property. The policy submitted to Church Mutual's underwriter did not include The Refuge as a covered mortgagee, and Church Mutual refused to change the policy to add The Refuge when requested. The court discerns no contractual means by which Western World can seek attorney's fees from Church Mutual.

C.      Prejudgment Interest

"'The law permits the award of prejudgment interest when a monetary obligation is a sum certain, or is capable of being reduced to certainty, accruing from the time payment may be demanded either by the agreement of the parties or the operation of law.'" Miller Construction Co.,

7

LLC v. PC Construction of Greenwood, Inc. 791 S.E.2d 321, 332 (S.C. Ct. App. 2016) (quoting Historic Charleston Holdings, LLC v. Mallon, 673 S.E.2d 448, 457 (S.C. 2009)), "'Generally, prejudgment interest may not be recovered on an unliquidated claim in the absence of agreement or statute.'" Id. (quoting Historic Charleston Holdings, 673 S.E.2d at 457). "'The fact that the amount due is disputed does not render the claim unliquidated for purposes of awarding prejudgment interest. . . . Rather, the proper test is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose.'" Id. at 332-33 (quoting Historic Charleston Holdings, 673 S.E.2d at 457). In South Carolina, parties must plead for pre-judgment interest in order for it to be recovered. Tilley v. Pacesetter Corp., 585 S.E.2d 292, 299 (S.C. 2003) (citing cases). Western World made a general demand for prejudgment interest in its answer, cross-claim, and counterclaim. See ECF No. 10, 14.

In this case, the insurance proceeds sought by Western World were not fixed by conditions existing at the time the claim arose. Western World became entitled to the proceeds of the Church Mutual policy only upon the court's conclusion that an equitable lien constituted an appropriate remedy.

CONCLUSION

For the reasons stated, Western World's motion for summary judgment (ECF No. 67) is **granted in part and denied in part**. Specifically, Western World's motion is granted as to its claims against GuideOne for proceeds under its insurance policy of $183,942.43, plus prejudgment interest in the amount of $45,290.70, as well as $124,311.20 in attorney's fees and $1,130.38 in costs. These amounts are not disputed by GuideOne. Western World's motion is granted as to its claims against Church Mutual for proceeds under its insurance policy of $99,045.93 and for costs

8

of $608.67. These figures are not disputed by Church Mutual. Western World's motion is denied as to its claims against Church Mutual for prejudgment interest and attorney's fees.

Church Mutual's motion for summary judgment (ECF No. 80) also is **granted in part and denied in part**. Church Mutual's motion for summary judgment regarding Western World's entitlement to proceeds under the Church Mutual policy is denied. Church Mutual's alternative motion for partial summary judgment regarding attorney's fees and prejudgment interest is granted.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

January 8, 2020