IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| GuideOne National Insurance Company, ) | |
| ) | C/A No. 2:17-1361-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Western World Insurance Group, Inc. ) | |
| and Church Mutual Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter came before the court for a declaratory judgment as to the rights and obligations of the parties with respect to a fire loss on certain property in Conway, South Carolina (the "Property"). Defendant Western World Insurance Group, Inc. ("Western World") had issued a policy to The Refuge, the mortgagee on the Property, that protected The Refuge's interests in the mortgage on the Property. Plaintiff GuideOne National Insurance Company ("GuideOne") had issued a policy to Abundant Faith Lighthouse of Jesus Christ, Inc. ("Abundant Faith"), the mortgagor on the Property, which listed Abundant Faith as insured, and The Refuge as mortgagee. Finally, Church Mutual Insurance Company ("Church Mutual") had issued a policy to Abundant Faith as insured, but did not include The Refuge as mortgagee.

The Refuge made demand on GuideOne, which declined to cover the loss. The Refuge learned of the Church Mutual policy and attempted to have the policy revised to include The Refuge as mortgagee, but was unsuccessful in doing so. Eventually, Western World paid The Refuge $282,988.36, the amount due and owing on the mortgage, and took an assignment of the mortgage from The Refuge.

In its complaint, GuideOne asserted that its policy was excess to both the Western World and

Church Mutual policies. On March 8, 2018, Western World moved for partial summary judgment. On the same day, Church Mutual moved for summary judgment. GuideOne filed a motion for summary judgment on April 4, 2018. A hearing was held on September 10, 2018.

The court issued an order on January 30, 2019, in which it determined that:

1.      The Western World policy obtained by The Refuge insured interests separate from the interests protected by the GuideOne and Church Mutual policies taken out by Abundant Faith. Therefore, Western World could not be required to make a pro rata contribution to the cost of the fire loss in conjunction with GuideOne and Church Mutual.

2.      The Church Mutual policy was enforceable because Church Mutual issued a policy naming Abundant Faith as insured and considered the policy to be in place at the time of the fire.

3.      The Western World policy was excess to the GuideOne and Church Mutual policies. As a result, payment of the fire loss on the Property should be apportioned between GuideOne and Church Mutual in the manner and amounts set forth in their respective policies had Abundant Faith been entitled to direct payment. The court noted that GuideOne's mortgagee clause made its policy proceeds payable directly to Western World, as assignee of The Refuge.

4.      Western World was entitled to an equitable lien on proceeds due to Abundant Faith under the Church Mutual policy.

ECF No. 87.

On May 21, 2019, Western World filed a motion for summary judgment seeking prejudgment interest on GuideOne's and Church Mutual's pro rata shares of the Western World's mortgage interest, as well as attorney fees. On January 9, 2020, the court issued an order in which it determined that Western World was entitled to judgment against GuideOne in the amount of

2

$183,942.43, plus prejudgment interest in the amount of $45,290.70, as well as $124,311.20 in attorney's fees and $1,130.38 in costs. The court further determined that Western World was entitled to judgment against Church Mutual for $99,045.93 and for costs of $608.67. The sums of $183,942.43 and $99,045.93 represent GuideOne's and Church Mutual's pro rata shares of the $282,988.36 Western World paid to The Refuge to satisfy amounts due under the mortgage to Abundant Faith.

This matter now is before the court on Church Mutual's motion to alter or amend the court's January 9, 2020 order. See Fed. R. Civ. P. 59(e). Western World filed a response in opposition on February 18, 2020, to which Church Mutual filed a reply on February 25, 2020.

## DISCUSSION

Courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md.1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. at 1082 (citing Atkins, 130 F.R.D. at 626). A motion to reconsider is appropriate when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

DIRECTV, Inc. v. Hart, 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906,

3

909 (3d Cir. 1985)).

Church Mutual asserts that the court should amend its January 9, 2020 order to account for new evidence and to prevent manifest injustice. Church Mutual informs the court that Western World and GuideOne executed a settlement agreement in September 2019 that provided for Western World to assign the note and mortgage on the Property to GuideOne. The assignment was recorded with the Horry County, South Carolina, Registrar of Deeds on October 30, 2019.[1] See ECF No. 93-2, 1-3. Church Mutual contends that the settlement document was not disclosed to Church Mutual until January 7, 2020, shortly before the court's January 9, 2020 order, and should be treated as newly discovered evidence under Rule 59(e).[2]

Church Mutual notes that the court created an equitable lien on Church Mutual's policy payable to Western World, as assignee, to the extent of the mortgagee's interest in the Property. Church Mutual argues that, because of the assignment to GuideOne, Western World no longer holds any interest in the Property, and therefore is not entitled to receive any insurance proceeds from Church Mutual. Church Mutual further argues that it would be unjust for Western World to obtain a ruling in its favor without disclosing the existence of an important document pertinent to its right to recovery. The court disagrees.

Western World paid the debt owed to The Refuge under the mortgage and took an assignment of the mortgage in order to pursue contribution from GuideOne and Church Mutual. The

---

[1] A corrective assignment of note and mortgage was filed on December 20, 2019, to attach exhibits inadvertently not filed with the original assignment. See ECF No. 93-2, 4-22.

[2] The court observes that the assignment and corrective assignment were available in the public records of Horry County. The court will deem the settlement agreement as newly discovered evidence for purposes of Rule 59(e).

4

court determined that GuideOne and Church Mutual were liable under their policies for the fire loss on the Property, and apportioned to each insurer a pro rata share. In this case, the assignment of the note and mortgage to GuideOne did not extinguish the sums owed by either GuideOne or Church Mutual to Western World. Western World specifically reserved its right to collect from Church Mutual its pro rata share of the proceeds paid by Western World to The Refuge. Thus, Western World remains the real party in interest with respect to the judgment against Church Mutual.

Even had the court been made aware of the assignment and agreement between GuideOne and Western World, the result would not change, for the reasons stated above. Because Western World did not assign its right to recover as against Church Mutual, it retained the right to pursue a judgment against Church Mutual for the sums Western World paid to The Refuge. See 6 Am. Jur. 2d Assignments § 140 ("[I]t has been held that, in the case of a partial assignment, the assignee owns the part assigned to him or her and the assignor owns the balance; consequently, each is the real party in interest as to his or her part of the claim[.]").

## CONCLUSION

Church Mutual has not shown that the new evidence relieves it of its obligation to pay Western World's equitable lien, or that manifest injustice results from the court's requirement that Church Mutual reimburse Western World to the extent it would have been liable to The Refuge directly. Church Mutual's motion for reconsideration (ECF No. 93) is **denied.**

In a status report filed by the parties on January 22, 2020, GuideOne and Western World informed the court of their settlement agreement and asked the court to vacate the portion of the courts January 9, 2020 order relating to GuideOne and requested that GuideOne be dismissed from the case, with prejudice. The court declines to amend its January 9, 2020 order, but directs the

5

parties to file a satisfaction of judgment based on their settlement. GuideOne and Western World further state that the settlement resolved all claims and counterclaims between them, including Western World's claim for bad faith against GuideOne. Accordingly, the Clerk of Court is directed to dismiss the case, with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

July 15, 2020